Filed 8/20/24  In re J.M. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B332252 (Super. Ct. No. IJ0012A) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.M.,<br><br>    Defendant and Appellant. | |

J.M. appeals from the juvenile court's order of wardship following a true finding that he committed misdemeanor sexual battery.  (Pen. Code, § 243.4, subd. (e)(1).)[1]

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief

---

    [1] All further statutory references are to the Penal Code unless otherwise stated.

that raises no arguable issues. On May 1, 2024, we notified appellant by mail that he had 30 days within which to personally submit any contentions or issues he wished us to consider. The 30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

In October 2022, appellant, then 16 years old, arranged to meet 15-year-old K.L. after school at the staircase of a building on school property where students would meet to "make out." K.L. had a "little crush" on appellant and thought they would "hug and kiss."

When appellant and K.L. met at the staircase, their interaction was captured on video surveillance. During their interaction, appellant grabbed K.L., pulled her onto his lap, and held onto her waist. He also thrust himself against her from behind. At one point, K.L. straddled and kissed appellant, but repeatedly tried to retrieve her backpack from appellant so she could leave. When school officials learned of the incident, they contacted police.

In December 2022, the People filed a petition pursuant to Welfare and Institutions Code section 602 alleging appellant committed sexual battery by restraint (§ 243.4, subd. (a), count 1), a misdemeanor. In July 2023, the petition was amended to add an additional allegation of misdemeanor sexual battery. (§ 243.4, subd. (e)(1) [nonconsensual intimate touching for the purpose of sexual arousal], count 2.)

At the contested jurisdiction hearing, K.L. acknowledged she kissed appellant, but testified that she did not want "more [than] kissing" to happen. According to K.L., appellant touched her vagina over her clothes, pulled his penis out, grabbed her, and pulled her down onto his lap. She was scared, told appellant

to "stop," that she needed to leave, but did not feel she could because appellant kept grabbing her and had her backpack.

After hearing argument and considering the evidence, the juvenile court sustained the petition as to count 2 and dismissed count 1. At the disposition hearing, the juvenile court declared appellant a ward of the court, ordered him placed home on probation subject to various conditions, and issued a three-year restraining order.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO. J.


CODY, J.

3

J. Christopher Smith, Judge

Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.